# IN THE COURT OF APPEALS OF IOWA

No. 18-0324
Filed April 18, 2018

**IN THE INTEREST OF J.L. and J.P.,**
**Minor Children,**

**M.M., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.


        Mother appeals from an order terminating her parental rights pursuant to Iowa Code chapter 232 (2017).  **AFFIRMED.**


        J. David Zimmerman, Clinton, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Brian P. Donnelly of Mayer, Lonergan & Rolfes, P.C., Clinton, guardian ad litem for minor children.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.  Tabor, J., takes no part.

**MCDONALD, Judge.**

Mindi appeals from the order terminating her parental rights in her two children. Her rights were terminated pursuant to Iowa Code section 232.116(1)(d) and (g) (2017) as to J.P. (born 2012) and section 232.116(1)(d), (g), and (h) as to J.L. (born 2014). Mindi challenges the sufficiency of the evidence supporting the statutory grounds authorizing the termination of her parental rights, and she contends the juvenile court should have granted her an additional three months' time to have the children returned to her care.

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (setting forth the statutory framework). Where, as here, "the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

We choose to address the sufficiency of the evidence supporting termination of the mother's rights authorized by code section 232.116(1)(g). To establish termination under this ground, the State must prove:

(1) The child has been adjudicated in need of assistance pursuant to section 232.96.
(2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
(3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.

(4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

Iowa Code § 232.116(1)(g). It is not disputed that both children have been adjudicated in need of assistance and that Mindi's parental rights have been terminated with respect to another child in the family. The fighting issues are whether Mindi lacks the ability to respond to services which would correct the situation and whether an additional period of rehabilitation would correct the situation. *See* Iowa Code § 232.116(1)(g)(3), (4).

There is clear and convincing evidence Mindi lacks the ability to respond to services that would correct the situation. The Iowa Department of Human Services (IDHS) became involved with these children in March 2016. At that time, there were concerns of physical abuse by the stepfather as well as concerns of marijuana use in the presence of the children. The children were not removed from the mother's care at that time, but IDHS monitored the family and offered services to the family. In the spring and summer of 2017, there were renewed allegations Mindi used marijuana in the presence of the children, left the children unsupervised, and allowed inappropriate individuals to be around her children. The children were removed from Mindi's care after Mindi tested positive for both THC and methamphetamine. At the same time, one child had a hair-stat test positive for THC. The other child's hair could not be tested due to its short length.

Since the time of removal, Mindi has demonstrated a consistent lack of accountability and responsiveness. Although she began substance-abuse classes and mental-health treatment in June 2017, her progress has been minimal. She tested positive for marijuana in November 2017 and admitted to a history of

falsifying drug tests. She also admitted to her caseworker she had attempted to purchase drugs with the assurance that an IDHS drug screen would not detect them. She was kicked out of her inpatient substance-abuse program in December 2017 for having a bottle of urine and methamphetamine paraphernalia in her room. Still, Mindi denied using methamphetamine. At the time of the termination hearing in February 2018, Mindi's mental-health counselor reported she had last seen Mindi on December 19, 2017. Mindi was homeless for much of this case, and she had just begun living with an acquaintance from the shelter two weeks before the termination hearing. Mindi's caseworker testified she still had concerns about unresolved mental-health issues and would have safety concerns if any visits between Mindi and the children were not fully supervised.

There is also clear and convincing evidence an additional period of rehabilitation would not correct the situation. Mindi has had her rights to another child terminated. Yet, she has not made any lasting change to avoid termination of her rights with respect to these children. There is strong evidence she continues to use drugs, including the discovery of urine and paraphernalia in her room at an inpatient drug-treatment program. She has been non-compliant with her mental-health treatment. She has not had stable housing over the life of the case. At the time of the termination hearing, she was residing in a one-bedroom apartment with a recent acquaintance. This case is similar to other cases in which we have found sufficient evidence to support termination of parental rights. *See, e.g., In re B.C.*, No. 17-0933, 2017 WL 4050975, at *1 (Iowa Ct. App. Sept. 13, 2017) (affirming termination under 232.116(1)(g) where mother had history of drug abuse and limited success with treatment and other services); *In re K.F.*, No. 14-0892, 2014

WL 4635463, at *3 (Iowa Ct. App. Sept. 17, 2014) (finding termination appropriate, where, as here, "[a]lthough [the mother] has been involved with services concerning her children at least three times, she does not obtain any lasting benefit from those services"); *In re J.C.*, Nos. 03-0617, 03-0160, 2003 WL 21919910, at *5 (Iowa Ct. App. Aug. 13, 2003) (finding termination appropriate under section 232.116(1)(g) where parents had "no insight as to their deficiencies and inabilities to parent a child"). We conclude the evidence is sufficient here. "Children simply cannot wait for responsible parenting." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990).

To the extent Mindi raises a challenge to the failure to grant deferred permanency under Iowa Code section 232.104(2)(b), the challenge is unavailing. As explained above, there is no basis to conclude the need for removal will no longer exist if Mindi is given additional time. *See In re Z.R.*, No. 17-1004, 2017 WL 4050989, at *4 (Iowa Ct. App. Sept. 13, 2017). Given Mindi's past performance and unresolved issues, we cannot expect significant improvement in her ability to care for the children. *See A.B.*, 815 N.W.2d at 778. As the juvenile court noted, and we agree, Mindi wants to be a "play Mommy" without the attendant responsibilities of providing regular and routine care for her children.

We affirm the termination of Mindi's parental rights in both children pursuant to Iowa Code section 232.116(1)(g).

**AFFIRMED.**